**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Anil Suradkar, and<br>Suresh Tyagi,<br><br>                              Plaintiffs,<br>         -v-<br><br>Pride Hospitality LLC,<br>d/b/a Hotel 95/Airport Plaza, and<br>Jai Patel,<br><br>                              Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Anil Suradkar, and Suresh Tyagi ("Plaintiffs"), by Abdul Hassan Law Group, PLLC, their attorney, complaining of Defendants Pride Hospitality LLC, d/b/a Hotel 95/Airport Plaza, and Jai Patel (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege that they were employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiffs further complain pursuant to New York Labor Law, that they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for such hours over forty in a week, (ii) entitled to unpaid minimum wages from Defendants for working and not being paid at a rate of at least the applicable New York State minimum wage rate for each hour he worked for defendants in a week; (iii) entitled to an extra hour of pay for each day he worked a spread of hours of more than ten (10) hours and (iv) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act

("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiffs are also entitled to recover their unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Anil Suradkar ("Plaintiff" or "Suradkar") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Plaintiff Suresh Tyagi ("Plaintiff" or "Tyagi") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

9. Upon information and belief and all times relevant herein, Defendant Pride Hospitality LLC ("Pride Hospitality") was a New York for-profit Limited Liability Company.

10. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Jai Patel ("Patel") who was in charge of the operations and management of Pride Hospitality.

11. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiffs and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

12. Upon information and belief, Defendants Pride Hospitality and Patel shared a places of business in Queens county, New York at 145-07 95th Avenue, Jamaica, NY 11435, and 139-09 Archer Avenue, Jamaica, NY.

13. At all times relevant herein, Plaintiffs were employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

14. Upon information and belief, and at all relevant times herein, Defendants were in the hotel management business.

15. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, employed 23 or more employees.

16. Plaintiff Suradkar was employed by Defendants, individually and/or jointly, from on or about October 1, 2019 to on or about March 12, 2020.

17. Plaintiff Tyagi was employed by Defendants, individually and/or jointly, for about 7 months ending on or about February 13, 2020.

18. At all times relevant herein, Plaintiffs were individually and/or jointly employed by Defendants as front desk clerks performing a variety of manual and clerical work throughout

Defendants' hotel, including processing credit card payments.

19. At all times relevant herein, Plaintiff Suradkar was paid at a rate of about $10-$11 an hour at separate times during his employment – a rate lower than the applicable NYS minimum wage rate for the entire period of his employment with Defendants.

20. At all times relevant herein, Plaintiff Tyagi was paid at a rate of about $10 an hour – a rate lower than the applicable NYS minimum wage rate for the entire period of his employment with Defendants.

21. At all times relevant herein, Plaintiffs were paid at their straight regular rate for all hours worked including overtime hours (hours over 40 in a week).

22. At all times relevant herein, Plaintiff Suradkar and Tyagi worked about 84 hours each week for Defendants and sometimes more; 12 or more hours a day, 7 days a week.

23. A more precise statement of the hours and wages may be made when Plaintiffs obtain the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

24. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times their regular rate of pay for all hours worked in excess of forty hours in a week.

25. At all times relevant herein, Plaintiffs worked a spread of hours of more than 10 hours a day for each day during their employment with Defendants – Plaintiffs worked 12 or more hours a day for each day during their employment with Defendants.

26. At all times relevant herein, neither Defendant provided Plaintiffs with the notice(s) required by NYLL 195(1).

27. At all times relevant herein, neither Defendant provided Plaintiffs with the statement(s) required by NYLL 195(3).

28. Plaintiffs incorporates herein, <u>accurate</u> records of their time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

29. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

30. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

31. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of materials, and other essential supplies for their business.

32. Upon information and belief, and at all times relevant herein, Defendants as a regular part of their business, made payment of taxes and other monies to agencies and entities outside the State of New York.

33. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

34. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

35. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

36. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

37. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiffs of their federal and state minimum wage and overtime rights and failed to inform Plaintiffs that they could seek enforcement of such rights through the government enforcement agencies.

38. "Plaintiffs" as used in this complaint refers to the named Plaintiffs.

39. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime

40. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

42. At all times relevant to this action, Plaintiffs were engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

43. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

44. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiffs overtime compensation at rates of at least 1.5 times their regular rate

of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

45. Due to Defendants' FLSA violations, plaintiffs were entitled to recover from Defendants individually and/or jointly, unpaid overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
**NYLL 650 et Seq.  and 12 NYCRR 142-2.2 etc. (Unpaid Overtime + Min. wages + SOH)**

46. Plaintiffs allege, and incorporate by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

47. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

48. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiffs overtime compensation at rates of at least 1.5 times their regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2 and 12 NYCRR § 146-1.4.

49. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiffs at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1 and 12 NYCRR § 146-1.2.

50. At all times relevant herein, Plaintiffs worked a spread of hours of more than ten (10) hours each day during the period they were employed by Defendants but Defendants failed to pay Plaintiffs an additional hour of pay for each such day in violation of the New York Minimum

Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4 and 12 NYCRR § 146-1.6.

## Relief Demanded

51. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, their unpaid overtime, minimum wage and spread of hours compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

52. Plaintiffs allege and incorporate each and every allegation contained in paragraphs 1 through 51 above with the same force and effect as if fully set forth at length herein.

53. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

54. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiffs their unpaid overtime wages, minimum wages, and spread of hours wages Plaintiffs were entitled to within the time required by NYLL §§ 191, 193 and 198.

55. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendants to comply with NYLL 195(1).

56. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the statement(s) required by NYLL 195(3) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this

violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

57. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, their entire unpaid wages, including his unpaid overtime, minimum wages, spread of hours wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiffs' rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiffs their unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to the **Second Cause of Action**, award Plaintiffs their unpaid overtime wages, minimum wages, spread of hours wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 2.1, 2.4, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to the **Third Cause of Action**, award Plaintiffs all outstanding wages, including unpaid overtime wages, minimum wages, spread of hours wages, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendants to comply with NYLL 195(1) and NYLL

195(3).

61. Award Plaintiffs prejudgment interest on all monies due;

62. Award Plaintiffs any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

63. Award Plaintiffs such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
   **May 8, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF