# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                                                        Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                                       Fax: 718-740-2000
*Employment and Labor Lawyer*                                                                   Web: www.abdulhassan.com

**July 20, 2020**

**Via ECF**

Hon. Cheryl L. Pollak, USMJ
United States District Court, EDNY
225 Cadman Plaza, East
Brooklyn, NY 11201

      **Re: Suradkar et al v. Pride Hospitality LLC et al**
        Case No.  20-CV-02106 (KAM)(CLP)
        **Request for Court Intervention**

Dear Magistrate-Judge Pollak:

  My firm represents plaintiffs in the above-referenced action, and I respectfully write to seek the Court's intervention concerning contacts between the defense and the Plaintiffs which implicates *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 207 (2d Cir. 2015), in which the Second Circuit required judges to protect the plaintiffs and statute in FLSA cases and stated in relevant part as follows:

> the FLSA is a uniquely protective statute. The burdens described in Picerni must be balanced against the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees. See Brooklyn Sav. Bank, 324 U.S. at 706–07, 65 S.Ct. 895. As the cases described above illustrate, the need for such employee protections, even where the employees are represented by counsel, remains.

  See also 22 NYCRR § 1200.4.2 ("Rule 4.2: Communication with person represented by counsel.(a) In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.").

  On July 8, 2020, I emailed defense counsel Diffley and stated in relevant part as follows:

1

>Your clients have still been reaching out to Plaintiff and threatening him if he settles the case through the lawyers and court. Defendants conduct here is very egregious and unless I receive assurance immediately that they would cease this behavior I would have to ask for Court intervention and remedies. See i.e. Hayward v. IBI Armored Services, Inc. et al, 17-CV-02944 (Judge Pollak); ("ORDER re 27 : Given the nature of the alleged inappropriate tactics by defendants, a Hearing to Show Cause is set for July 28, 2017 at 2:00 p.m. Defendant Shields is Ordered to appear with counsel to show cause why defendants should not be sanctioned for engaging in improper litigation tactics. Defendants are further Ordered to appear with any individual who has engaged in the alleged improper conduct. Furthermore, defendants are Ordered to cease any and all communications with putative party plaintiffs regarding this case, including sending checks that purport to resolve the putative plaintiffs' claims and asking those individuals to sign general releases of claims unless any such releases are first considered and approved by this Court. Additionally, by July 26, 2017, defendants are Ordered to provide plaintiff's counsel with a list of names and contact information for those individuals from whom they have received a purported release of claims. So Ordered by Magistrate Judge Cheryl L. Pollak on 7/20/2017.")

Unfortunately, it appears the above email and conversations with defense counsel fell on deaf ears. In my last conversation with defense counsel John Diffley on July 20, 2020, he highlighted the fact that the defense had obtained a settlement release from one of the plaintiffs – as if to emphasize that the defense does not have to go through plaintiffs'' counsel and the court and can extract settlement releases directly form the plaintiffs in this FLSA action, regardless of the authorities set forth above. In fact, I was notified by the other plaintiff that the defense had aggressively reached out to him through a third party to extract an inadequate settlement from him - less than an hour after my call with defense counsel Diffley ended on July 20, 2020 – further strong indication that there is some coordination on the defense side concerning the improper contacts and conduct.

As such, we respectfully request that this Honorable Court issue an order in this case similar to the one excerpted above that Your Honor issued in the *Hayward v. IBI* case.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510) - *Counsel for Plaintiffs*

**cc:**     Defense Counsel John Diffley, Esq. via Email (john@diffleylaw.com)
        12-55 150th Street, Whitestone, NY  11357
        Tel.: (718) 746-9777, Fax: (718) 746-9778