# SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Plaintiff has asserted numerous claims (the "CLAIMS") in a lawsuit against the Defendants in the United State District Court, Eastern District of New York under Case No. 20-cv-2106 (KAM)(CLP) alleging violations of wage and hour laws under the Fair Labor Standards Act and the New York Labor Law;

WHEREAS, Defendants deny any liability with respect to any and all CLAIMS, or that they violated the Fair Labor Standards Act or the New York Labor Law; and,

WHEREAS, the Parties to this matter desire to settle and resolve all disputes between them and avoid the costs, risks, and delays associated with litigation,

NOW, THEREFORE, Pride Hospitality LLC, d/b/a Hotel 95/Airport Plaza, and Jai Patel (collectively "Defendants"), and Anil Suradkar ("Suradkar")("Plaintiff"), agree as follows:

1. **Definition of Parties**.

    a.  "Plaintiff" shall be defined as Anil Suradkar.

    b.  Plaintiff Anil Suradkar was employed by Defendants Pride Hospitality LLC, d/b/a Hotel 95/Airport Plaza, and Jai Patel.

    c.  "Defendants" shall be defined as Pride Hospitality LLC, d/b/a Hotel 95/Airport Plaza, and Jai Patel.

    d.  "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on May 8, 2020, in the United States District Court, Eastern District of New York, with Civil Action #: 20-CV-02106 (KAM)(CLP).

2. **Consideration**. In consideration for Mr. Suradkar's signing this Agreement and the release of all claims herein, Defendants Pride Hospitality LLC, d/b/a Hotel 95/Airport Plaza, and Jai Patel agree to make the following payments totaling Thirty-Two Thousand, Five Hundred Dollars ($32,500):

    a.  A payment to Anil Suradkar in the amount of Five Thousand, Three Hundred Twenty-Three Dollars and Fifty Cents ($5,323.50), due on or before October 1, 2020;

    b.  A payment to Abdul Hassan Law Group, PLLC, in the amount of Two Thousand Seven Hundred Seventy-Six Dollars and Fifty Cents ($2,776.50), representing partial payment of a 1/3 contingency fee ($10,646) plus costs ($560), due on or before October 1, 2020;

1

    c. A payment to Anil Suradkar in the amount of Five Thousand, Three Hundred Twenty-Three Dollars and Fifty Cents ($5,323.50), due on or before November 1, 2020;

    d. A payment to Abdul Hassan Law Group, PLLC, in the amount of Two Thousand Eight Hundred Seventy-Six Dollars and Fifty Cents ($2,876.50), representing partial payment of a 1/3 contingency fee ($10,646) plus costs ($560), due on or before November 1, 2020;

    e. A payment to Anil Suradkar in the amount of Five Thousand, Three Hundred Twenty-Three Dollars and Fifty Cents ($5,323.50), due on or before December 1, 2020;

    f. A payment to Abdul Hassan Law Group, PLLC, in the amount of Two Thousand Seven Hundred Seventy-Six Dollars and Fifty Cents ($2,776.50), representing partial payment of a 1/3 contingency fee ($10,646) plus costs ($560), due on or before December 1, 2020;

    g. A payment to Anil Suradkar in the amount of Five Thousand, Three Hundred Twenty-Three Dollars and Fifty Cents ($5,323.50), due on or before January 1, 2021;

    h. A payment to "Abdul Hassan Law Group, PLLC," in the amount of Two Thousand Seven Hundred Seventy-Six Dollars and Fifty Cents ($2,776.50), representing partial payment of a 1/3 contingency fee ($10,646) plus costs ($560), due on or before January 1, 2021;



    i. The Parties agree this Agreement covers attorneys' fees, costs, and disbursement associated with this matter. Plaintiff further agrees to indemnify and hold the Defendants harmless from all tax liabilities that Plaintiff would otherwise owe, relating to the consideration hereunder.

    j. With the execution hereof, the Parties agree all claims and/or potential claims against the other relating to claims for wages, overtime pay, back pay, punitive damages, fraud, collusion, and attorneys' fees, and without either Party admitting that any such claims have merit or have incurred any damages, shall be deemed settled and resolved and Plaintiff shall voluntarily discontinue the action against the Defendants with prejudice.

    k. Except as contained herein, the Plaintiff is not owed any other payments and Plaintiff represents to have been paid in full for all monies and benefits owed, if any;

    l. Parties agree that neither this Agreement nor the payment of any consideration under this Agreement shall be deemed or construed as an admission by either party of any liability or unlawful conduct.

    m.  If any settlement payment herein is due before the date of court approval of this settlement agreement, such payment(s) shall be held in escrow by Defendants counsel and sent within seven days after court approval by overnight delivery or First Class Mail, to the office of Plaintiff's counsel Abdul K. Hassan, Esq. located at 215-28 Hillside Avenue, Queens Village, NY 11427.

    n.  The payments above shall be sent by overnight delivery or First Class Mail to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427 or to any other address provided by Plaintiff's counsel.

    o.  Defendants knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, debts, obligations or liability in connection with Plaintiff's employment with Defendant, whether known or unknown, that it has or may have against Plaintiff, as of the date of execution of this Agreement.

    p.  Plaintiff may provide any additional instructions to Defendants to facilitate the settlement payments provided for herein.

    q.  If there is a default in making the payments herein, Plaintiff or his counsel, will give **Defendants Pride Hospitality LLC, d/b/a Hotel 95/Airport Plaza, and Jai Patel**, written notice of said default, by sending a notice of default by email to Defendants' attorneys**Law Office of John F. Diffley  at john@diffleylaw.com.** Defendants will have ten (10) days from receipt of such notice to cure the default. If Defendants do not cure the default within ten (10) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendants **Pride Hospitality LLC, d/b/a Hotel 95/Airport Plaza, and Jai Patel** individually and/or jointly, in the amount of Fifty Thousand Dollars ($50,000) less any monies paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

    3.  **No Consideration Absent Execution of This Agreement**.  Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

    4.  **Release of Claims by Plaintiff**.  **(a)** In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims in connection with Plaintiff's employment with Defendants, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

    5.  **Acknowledgments and Affirmations**.

    a.  Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New

York Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this

Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Suradkar was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Suradkar is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

| PLAINTIFF: | DEFENDANT: |
|---|---|
| **ANIL SURADKAR** | **PRIDE HOSPITALITY LLC, D/B/A HOTEL 95/AIRPORT PLAZA** |
| By: _[signature]_ | By: _____ |
| Date: 12/11/2020 | Print Name _____ |
| | Title _____ |
| | Date: _____ |
| | **DEFENDANT:** |
| | **JAI PATEL** |
| | By: _____ |
| | Date: _____ |

Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14.     **Competency to Waive Claims**.  At the time of considering or executing this Agreement, Mr. Suradkar was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Mr. Suradkar is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

| **PLAINTIFF:** | **DEFENDANT:** |
|---|---|
| **ANIL SURADKAR** | **PRIDE HOSPITALITY LLC, D/B/A HOTEL 95/AIRPORT PLAZA** |
| By:_____ | By: _/s/ Jai Patel_____ |
| Date: _____ | Print Name   Jai Patel |
| | Title   Member |
| | Date:  12/16/2020 |
| | |
| | **DEFENDANT:** |
| | **JAI PATEL** |
| | By: _/s/ Jai Patel_____ |
| | Date:  12/16/2020 |

5